[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION IN RE: THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this matter the plaintiff, a seller of real estate, attempts to hold an attorney who performed a title search for the buyers' attorney liable for negligently failing to advise the plaintiff as to the correct description of the property which the plaintiff intended to convey. The plaintiff alleges that the defendant, an attorney who performed title searches, was retained by the buyers' attorney to certify to the buyers' title to certain property. The searcher prepared a description and furnished it to his client, the attorney representing the buyers. Thereafter, the plaintiff conveyed to the buyers certain real estate by a deed utilizing the description as provided by the CT Page 3761 title searcher. This description, however, included property which the seller did not intend to convey but rather intended to reserve to himself. By utilizing the description provided by the searcher to his client, not the plaintiff, the plaintiff claims that he inadvertently and mistakenly conveyed more property to the buyers than he intended and that the searcher should be liable for the plaintiff's loss. The plaintiff further claims that it is local custom for a buyer's attorney to furnish the seller with the description to be utilized in the conveyance instruments. This claim is denied by the defendant who, in his affidavit of July 31, 1997, states that his title search was ordered by the buyers' attorney only and that his efforts were not certified for the world at large but only to his principal.
The question before the court raised by the defendant's Motion for Summary Judgment is whether the defendant title searcher owed any duty to the plaintiff who availed himself of the defendant's description of the property in his conveyance to the sellers. It is this court's conclusion as to the circumstances and relationships of the parties to each other that the defendant, being engaged by the attorney representing the buyers, owed no duty to anyone except his client and that foreseeability of harm to others who might seek to avail themselves of his research does not create a grounds for recovery in a claim of negligence. The buyers' attorney hired the defendant to provide him with a certifiable title and not to inform the seller as to what property he might choose to convey. That knowledge and responsibility seems properly that for the sellers' determination. The case of Krawczuk v. Stingle,208 Conn. 239, 244 suggests that as a general rule attorneys are not liable to persons other than their clients for the negligent rendering of services. There have been held to be an exception to this rule in some jurisdictions where the plaintiff can demonstrate that he or she was the intended or foreseeable beneficiary of the attorney's services. This court cannot conclude from the defendant's affidavit that there was any intended or foreseeable beneficiary of his services aside from the individual who engaged his services. The case contains an interesting analysis of the difficulty and perils of extending the doctrine of attorney liability.
Inasmuch as this court has determined that the defendant's Motion for Summary Judgment should be granted on the grounds that of no duty being owed to the plaintiff by the defendant under the facts as alleged in the plaintiff's complaint, it is unnecessary CT Page 3762 to consider the second ground of the motion, that of the effect of the statute of limitations as barring plaintiff's claim.
George W. Ripley Judge Trial Referee